IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| NATHAN JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO. |
| | ) _____ |
| PEACH STATE EMS, LLC, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

Plaintiff Nathan Jenkins ("Plaintiff" or "Mr. Jenkins"), brings this complaint against Peach State EMS, LLC ("Peach State" or "Defendant") for discrimination based on his religion, as well as retaliation for engaging in protected conduct. These claims arise under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## JURISDICTION AND VENUE

**1.**

This Court has subject matter jurisdiction over this action pursuant to 28 U.SC. § 1331 (federal question).

**2.**

Defendant resides in this district and a substantial part of the events giving

rise to the claims occurred within this district, and thus venue is thus proper under 28 U.S.C. § 1391(b)(1)-(2).

## ADMINISTRATIVE PROCEDURES

**3.**

Plaintiff has exhausted all administrative requirements necessary to bring the claims. Plaintiff filed his first EEOC charge on December 5, 2019 and filed an amended EEOC charge on April 28, 2020. The EEOC issued its Notice of Right to Sue on September 14, 2020.

**4.**

This action is timely filed as less than 90 days have passed since Plaintiff's receipt of the Notice of Right to Sue.

## PARTIES

**5.**

Plaintiff resides in Georgia.

**6.**

Plaintiff was an "employee" of Defendant from May 2019 until November 2019.

**7.**

Defendant is a domestic limited liability company that provides ambulance

services in and around Braselton, GA.  Defendant's registered agent is Susan T. Grissom, Grissom Law, LLC, located at 10475 Medlock Bridge Rd, Suite 215, Johns Creek, GA 30097 in Fulton County.  Defendant lists its principal business address with the Georgia Secretary of State as PO Box 545, Braselton, GA 30517, but runs its principal business operations at 11335 Lewis Braselton Blvd, Braselton, GA 30517.

**8.**

Defendant is now, and at all times relevant hereto, has been an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).  Defendant employed 15 or more employees in each of 20 or more calendar weeks in 2019 and the 2018 calendar year.

## FACTUAL ALLEGATIONS

**9.**

Mr. Jenkins began working for Defendant in May 2019 as an EMT.

**10.**

At the beginning of his employment, Mr. Jenkins informed Defendant that because of his religious beliefs and those of his church (Christian), he would be unable to work on Sundays.

**11.**

Defendant initially took no issue with this request, and for over six months, Mr. Jenkins was never scheduled to work on a Sunday.

**12.**

On November 8, 2020, Mr. Jenkins discovered that he had been scheduled to work on November 24, a Sunday. He contacted Mr. Culberston regarding being scheduled to work on that Sunday when he knew he had church and could not work Sundays, but Mr. Culberston brushed him off and did not agree to do so.

**13.**

As a result of his failed attempt with Mr. Culberston, on or about November 15, Mr. Jenkins raised his concerns about being scheduled to work on that day to Michelle Stancliff, a human resources representative employed by Defendant. Ms. Stancliff acknowledged that it had been an affirmative and ongoing practice not to schedule Mr. Jenkins on Sundays. She said that she would speak to Robert Culberston, a co-owner of Peach State, on his behalf.

**14.**

On the day of his next shift, November 19, Mr. Jenkins received a notification through the scheduling app on his phone that his shift on November 29 had been taken away. This caused a reduction in his normal number of hours for the week and would result in a corresponding reduction in pay.

**15.**

Mr. Jenkins immediately telephoned Mr. Culberston to ask about this change. Mr. Culberston was noticeably angry and stated that they had new employees and they need hours. He sounded frustrated and went on to explain that he was not happy about the fact that Mr. Jenkins had gone around him to Human Resources regarding being scheduled on a Sunday.

**16.**

Mr. Jenkins replied that in order to pay his bills, he needed the same full-time work schedule that he had had since May. To this, Mr. Culberston replied, well, come back into the office and turn your stuff in, thereby terminating him.

**17.**

Mr. Jenkins soon after returned to the Peach State office. Mr. Culberston informed him as he was clocking out for the last time that he would need to turn in his completed reports and his uniform in order to receive his final paycheck.

**18.**

Following his employment, representatives of Peach State came to Mr. Jenkins subsequent place of employment and took pictures of him while working. Peach State also spoke with his subsequent employer.

## CLAIMS FOR RELIEF

## COUNT I

## DISCRIMINATION IN VIOLATION OF TITLE VII

**19.**

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

**20.**

Defendant subjected Plaintiff to different terms and conditions of employment and thereby unlawfully discriminated against him on the basis of his religion, Christianity, in violation of Title VII.

**21.**

Mr. Jenkins' request that he not be scheduled on Sundays was a request for a reasonable accommodation for his religious beliefs. By scheduling him to work on Sunday, November 24, 2020, Defendant failed to reasonably accommodate Mr. Jenkins.

**22.**

Title VII prohibits discrimination not just in hiring and firing decisions, but also in the terms and conditions of employment. Defendant also unlawfully discriminated against Mr. Jenkins on the basis of his religion when Mr. Culberston cut his hours and gave it to another employee of a different religion because Mr. Jenkins had spoken to Human Resources about his religious needs in the workplace

and Culberston's failure to accommodate them. Then, Mr. Culberston terminated Mr. Jenkins' employment due to his religious beliefs in violation of Title VII.

**23.**

Mr. Jenkins is entitled to all damages permitted by law arising from Defendant's actions in violation of Title VII, including but not limited to, attorneys' fees and costs.

**COUNT II**

**RETALIATION IN VIOLATION OF TITLE VII**

**24.**

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

**25.**

Mr. Jenkins engaged in protected conduct under Title VII when he spoke to Culberston and Ms. Stancliff about being scheduled on a Sunday and requested accommodation for his religious beliefs after being scheduled to work on a Sunday.

**26.**

Just a few days after he raised these concerns, Mr. Jenkins' hours were cut in retaliation for escalating his complaint to Human Resources and in violation of Title VII.

**27.**

Mr. Jenkins then contacted Mr. Culberston and complained about this sudden cut in his hours and his need for continued full-time employment. Mr. Culberston indicated that he was not happy with him for going to Human Resources. Mr. Culberston then terminated Mr. Jenkins' employment in retaliation for his opposing Mr. Culberston's discriminatory conduct and making protected complaints.

**28.**

Mr. Jenkins is entitled to all damages permitted by law arising from Defendant's actions under Title VII, including but not limited to, attorneys' fees and costs.

**WHEREFORE** Plaintiff requests judgment in his favor on each count in this Complaint and demands:

1. A Jury Trial;
2. Judgment in Plaintiff's favor and against Defendant under all claims in this Complaint;
3. Compensatory damages, general and special;
4. Punitive damages;
5. Back pay, front pay and/or reinstatement;
6. Grant Plaintiff his reasonable attorney's fees and all other fees and costs associated with this action;

7. Prejudgment interest; and

8. Such other and further equitable, injunctive or other relief as is just and proper.

This 10th day of December, 2020.

　　　　　　　　　　　　　　　　　/s/ James M. McCabe
　　　　　　　　　　　　　　　　　James M. McCabe
　　　　　　　　　　　　　　　　　Georgia Bar No. 724618
　　　　　　　　　　　　　　　　　The McCabe Law Firm, LLC
　　　　　　　　　　　　　　　　　3355 Lenox Road
　　　　　　　　　　　　　　　　　Suite 750
　　　　　　　　　　　　　　　　　Atlanta, GA  30326
　　　　　　　　　　　　　　　　　Office: (404) 250-3233
　　　　　　　　　　　　　　　　　Fax: (404) 400-1724

　　　　　　　　　　　　　　　　　Attorney for Plaintiff